## Bonner v. Bonner

*J. Roland Johnson* and *Louis Abromson*, for plaintiff.

*John P. S. O'Conner*, guardian ad litem, for minor defendants.

DUFF, J., February 18, 1957.—In this complaint to quiet title brought in order to remove a cloud from the title to property hereinafter described, the facts are as follows:

On January 22, 1952, the husband plaintiff opened a separate bank account in the amount of $5,000 each for his three minor children, named as defendants herein, and named himself as trustee in each such

account. These were savings accounts which accrued interest and into which the husband plaintiff paid additional amounts from time to time.

On April 22, 1952, plaintiffs bought and, as tenants by entireties, took title to certain real property, being: All that certain lot or piece of ground situate in the Borough of Cheswick, County of Allegheny and State of Pennsylvania, being lot no. 29 in the Revised Plan of the Cheswood Manor Lots, as recorded in the Office of the Recorder of Deeds for the County of Allegheny in Plan Book volume 48, p. 82.

On December 31, 1952, the husband plaintiff, as trustee, withdrew the sum of $5,500 from the trust bank account of William E. Bonner, Jr., one of the minor defendants herein.

Plaintiffs thereafter joined in and recorded a deed by which they conveyed the above described real property to the husband plaintiff, as trustee for the minor defendants herein.

On January 11, 1956, the husband plaintiff restored the sum of $5,500 to the trust bank account of said William E. Bonner, Jr., and thereafter, as trustee for all the minor defendants, conveyed title to the above real estate back to plaintiffs as tenants by the entireties.

In order to remove the cloud thus placed upon the title to the said property, this action was instituted, seeking to have the deed from plaintiffs to the husband plaintiff, as trustee, cancelled, annulled, vacated and set aside, to direct the Recorder of Deeds of Allegheny County to make a notation to that effect upon the record of said deed at Deed Book volume 3459, p. 133, and to confirm and adjudicate the legal and equitable title to the said property, subject to all lawful encumbrances, in plaintiffs as tenants by the entireties.

The case is presently before the court upon the preliminary objection filed by the guardian ad litem, duly appointed for the defendant minors by this court's

order of June 20, 1956, stating that, under the Orphan's Court Act of August 10, 1951, P. L. 1163, 20 PS §2080-101 et seq., the Orphan's Court of Allegheny County has exclusive jurisdiction of the within proceedings and requesting that the case, therefore, be transferred to the Orphan's Court of Allegheny County.

The said act, under section 103 thereof, became effective January 1, 1952, and, therefore, was in effect when the bank account trusts were created by the husband plaintiff on January 22, 1952.

By his actions in opening the three bank accounts in his children's names, with himself as trustee, and in deeding the real property to himself, as trustee for said minors, the husband plaintiff created inter vivos trusts, which were express trusts, created under a declaration and to take effect during his lifetime and, therefore, they were within the definition stated in section 102(6)(ii) of that act.

The said act provides that the orphans' court shall have exclusive jurisdiction, inter alia, of the administration and distribution of all inter vivos trusts created after the effective date of the act, the administration and distribution of the real and personal property of minors' estates, the construction of an administrative power as to real estate proposed to be exercised by a fiduciary subject to the jurisdiction of the orphans' court and the disposition of any interest in real estate of one disabled from dealing with it when title to it is in an estate or trust subject to the jurisdiction of the orphans' court.

The act, in giving the orphans' court exclusive jurisdiction in such matters, also provides that the said court "shall have all legal and equitable powers required for or incidental to the exercise of its jurisdiction": 20 PS §2080.304.

In view of these provisions and the fact that real property held in trust for minors is herein involved, it

would seem that, in order for plaintiffs to accomplish the purpose of clearing the title to this property, these proceedings should have been instituted in the Orphans' Court of Allegheny County as the only court having jurisdiction over the trust estate in question.

For the foregoing reasons, the preliminary objection will be sustained.

However, in view of the fact that the act does not provide for the transfer of this proceeding to the orphans' court, this action will be dismissed.

### Order

And now, to wit, February 18, 1957, this case having been heard by the court en banc and upon consideration thereof, it is ordered, adjudged and decreed that the preliminary objection filed by John P. S. O'Connor, guardian ad litem of the minor defendants herein, is hereby sustained and the action is dismissed.

Eo die, exception noted to William E. Bonner and Rosemary Ann Bonner, his wife, plaintiffs herein, and bill of exception sealed.